

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**INDICTMENT FOR AIDING AND ASSISTING IN THE PREPARATION OF FALSE DOCUMENTS UNDER THE INTERNAL REVENUE LAWS, MAKING FALSE STATEMENTS ON INCOME TAX RETURNS, ATTEMPTED MAIL FRAUD, FALSE DECLARATIONS BEFORE THE GRAND JURY, AND NOTICE OF FORFEITURE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. **13-155** |
| v. | * | SECTION: **SECT. J MAG. 4** |
| JOHN LABEE | * | VIOLATION: 18 U.S.C. § 2 |
| | | 18 U.S.C. § 1341 |
| | * | 18 U.S.C. § 1623 |
| | | 26 U.S.C. §7206(1) |
| | * | 26 U.S.C. §7206(2) |

\* \* \*

The Grand Jury charges that:

### COUNTS 1 - 9
(26 U.S.C. § 7206(2) - Aiding or Assisting in Preparation of False Documents Under Internal Revenue Laws)

**A.   AT ALL TIMES MATERIAL HEREIN:**

1.   The Internal Revenue Service is an agency of the Treasury Department of the United States of America responsible for administering and enforcing the tax laws of the United States, including the taxes paid into the treasury of the United States by its citizens.

2. The defendant, **JOHN LABEE**, was engaged in the preparation of federal income tax returns.

3. From in or about 2005, through the present, the defendant, **JOHN LABEE**, owned and operated several tax preparation companies, including Millenium Bookkeeping Services ("Millenium" [*sic*]) and IP Financial Services ("IP"). Both Millenium and IP were tax preparation businesses located in Slidell, Louisiana, located in the Eastern District of Louisiana. As part of his business, **JOHN LABEE**, along with his employees, prepared taxes on an annual basis for hundreds of customers, within the Eastern District of Louisiana

4. During this period of time, the defendant, **JOHN LABEE**, prepared the tax returns of his clients and transmitted them to the Internal Revenue Service from the Eastern District of Louisiana.

5. Additionally, during this period of time, the defendant, **JOHN LABEE**, prepared his own taxes that he would transmit to the Internal Revenue Service from the Eastern District of Louisiana. The tax returns prepared by **LABEE** in his name contained a written declaration that they were made under penalty of perjury.

6. Between tax years 2008 and 2010, **LABEE** prepared and filed at least 460 tax returns for customers claiming approximately $2,200,000 in withholdings.

B. **AIDING AND ASSISTING IN THE PREPARATION AND PRODUCTION OF FALSE AND FRAUDULENT TAX RETURNS:**

On or about the dates herein set forth below, in the Eastern District of Louisiana and elsewhere, the defendant, **JOHN LABEE**, a resident of Slidell, Louisiana, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of U.S. Individual Income Tax Returns, Forms 1040, either individual or joint,

2

for the tax payers in calendar years herein specified below which were false and fraudulent as to material matters. Specifically, the income tax returns were false and fraudulent in that they represented the said tax payers were entitled under the provisions of the Internal Revenue Laws to claim deductions for items hereinafter specified, whereas, as the defendant then and there well knew and believed, the said tax payers were not entitled to claim the deductions and said amounts, but of lesser amounts:

| Count | Date Filed | Tax Payer | Tax Year | False Items | Approximate Tax Loss |
|---|---|---|---|---|---|
| 1 | 4-15-2009 | DB | 2008 | Other income, business income and loss, federal income tax withheld, Schedule A deductions | $6,925.00 |
| 2 | 4-15-2010 | DB | 2009 | Wages, business income and loss, federal income tax withheld, Schedule A deductions | $9,461.00 |
| 3 | 4-15-2009 | RC | 2008 | Business income and loss, federal income tax withheld | $7,148.00 |
| 4 | 4-15-2010 | RC | 2009 | Wages, business income and loss, federal income tax withheld, education credit | $16,124.00 |
| 5 | 4-15-2009 | BW | 2008 | Wages, federal income tax withheld, Schedule A deductions | $10,416.00 |
| 6 | 4-15-2010 | BW | 2009 | Wages, business income and loss, federal income tax withheld, education credits | $11,792.00 |
| 7 | 4-15-2010 | KW | 2009 | Wages, business income and loss, federal income tax withheld, Schedule A deductions | $12,653.00 |

| | | | | | |
|---|---|---|---|---|---|
| 8 | 4-15-2009 | VW | 2008 | Schedule A deductions | $3,475.00 |
| 9 | 4-15-2010 | VW | 2009 | Wages, business income and expenses, federal income tax withheld, Schedule A expenses, education credits | $6,968.00 |
| **Total** | | | | | $84,962.00 |

All in violation of Title 26, United States Code, Section 7206(2) and Title 18, United States Code, Section 2.

## COUNT 10-11
(26 U.S.C. § 7206(1) - False Statements on Income Tax Returns)

**A.**  The allegations of Part A of Counts 1-9 are hereby realleged and incorporated herein in their entirety by reference.

**B.**  That on or about the dates below under the caption "Tax Year," in the Eastern District of Louisiana, the defendant, **JOHN LABEE**, knowingly and willfully prepared, made, signed, and presented, tax returns, which contained written declarations that they were made under penalty of perjury, that falsely under-reported the business income the defendant received from his tax preparation business and contained false wage and federal tax withholding amounts, a material matter:

| Count | Taxpayer Name | Tax Year | Refund Amount Claimed Based on Return Labee Filed | Refund Amount Due Based on True Figures (If amount due, in parentheses) | Difference |
|---|---|---|---|---|---|
| 10 | John Labee | 2009 | $12,934.00 | ($14,243.00) | $27,177.00 |

4

| 11 | John Labee | 2010 | $11,807.00 | ($62,188.00) | $73,995.00 |

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 12
(18 U.S.C. § 1341 - Attempted Mail Fraud)

A.  The allegations of Part A of Counts 1-9 are hereby realleged and incorporated herein in their entirety by reference.

B.  **AT ALL TIMES MATERIAL HEREIN**:

1.  British Petroleum (BP) was a company whose activities included oil exploration and production in the United States and elsewhere and whose subsidiaries included BP Exploration and Production, Inc.

2.  On or about April 20, 2010, an explosion and fire occurred on the Deepwater Horizon, an oil rig in the Gulf of Mexico that had been drilling an exploration well. The resulting oil spill, with which BP was associated, caused oil pollution across the Gulf of Mexico.

3.  From in or about May 2010 through on or about August 23, 2010, BP operated a process for submission directly to BP and resolution by BP of claims of individuals and businesses for costs, damages, and other losses incurred as a result of the oil discharges due to the Deepwater Horizon incident.

4.  In or about June 2010, BP established the Gulf Coast Claims Facility (GCCF) for the purpose of administering, mediating, and settling certain claims of individuals and businesses for costs, damages, and other losses incurred as a result of the oil discharges due to the Deepwater Horizon incident. The GCCF was administered by Kenneth R. Feinberg, a fund administrator responsible for decisions relating to the administration and processing of claims by

the GCCF. On or about August 23, 2010, the GCCF began receiving and processing such claims and BP ceased receiving and processing claims of individuals and businesses for costs, damages, and other losses incurred as a result of the oil discharges due to the Deepwater Horizon incident.

5. On August 6, 2010, BP Exploration and Production, Inc. established the Deepwater Horizon Oil Spill Trust, an irrevocable common law trust formed under Delaware law, to receive and to distribute funds that BP Exploration and Production, Inc. promised to provide for the payment of certain types of claims, costs, and expenses, including, but not limited to, those resolved by the GCCF.

C. **THE SCHEME TO DEFRAUD**:

1. Beginning at a time unknown, and continuing until on or about December 13, 2010, in the Eastern District of Louisiana and elsewhere, the defendant, **JOHN LABEE**, devised and intended to devise, a scheme and artifice to defraud the GCCF and obtain money and funds of the GCCF by means of false and fraudulent promises, pretenses and representations.

2. It was part of the scheme and artifice to defraud that in about Fall 2010, after previously submitting a claim for damages to the GCCF that was denied, **LABEE** retained Attorney A to assist him in submitting, unbeknownst to Attorney A, a false and fraudulent claim to the GCCF.

3. It was further part of the scheme and artifice to defraud that on or about December 13, 2010, the defendant, **JOHN LABEE**, did submit and caused to be submitted, a claim form (Form GCCF 2000-C) to the GCCF for business losses to his company, IP Financial Services, resulting from the Deepwater Horizon oil spill and submitted false documents stating that IP Financial Services had enjoyed an average monthly net profit of $18,790.00 between

January 2008 and April 2010 and had suffered a monthly net loss between April 2010 and December 2010 of approximately $31,671.00 because of the Deepwater Horizon incident.

4. It was further part of the scheme and artifice to defraud, that the defendant submitted and caused to be submitted false and fraudulent information to the GCCF, namely a false Form 1120S for tax year 2008 claiming that his business, IP Financial Services, had enjoyed gross receipts in the amount of $325,896.00, which resulted in a net profit during tax year 2008 of $262,590.00, when, in fact, **LABEE** had not ever filed that document with the IRS and well knew that IP Financial Services had not enjoyed gross receipts in the amount of $325,896.00 or a net profit of $262,590.00 from IP Financial Services.

5. It was further part of the scheme and artifice to defraud, that the defendant submitted and caused to be submitted false and fraudulent information to the GCCF, namely a false Form 1120S for tax year 2009 claiming that his business, IP Financial Services, had enjoyed gross receipts in the amount of $386,593.00, which resulted in a net profit during tax year 2009 of $147,695.00, when, in fact, **LABEE** had not ever filed that document with the IRS and well knew that IP Financial Services had not enjoyed gross receipts in the amount of $386,593.00 or a net profit of $147,695.00.

6. It was further part of the scheme and artifice to defraud, that the defendant submitted and caused to be submitted false and fraudulent information to the GCCF, claiming that his business, IP Financial Services, experienced loss of income between May 1, 2010, and November 30, 2010, in the amount of $353,227.00 as a result of the Deepwater Horizon incident and he was entitled to reimbursement in the amount of $353,227.00 for such loss during that time period.

7. It was further part of the scheme and artifice to defraud, that the defendant submitted and caused to be submitted false and fraudulent information to the GCCF, claiming that his business, IP Financial Services, would experience a future loss of income in the amount of $605,532.00 over the following twelve (12) months as a result of the Deepwater Horizon incident and that he was entitled to reimbursement in the amount of $605,532.00 for such loss during that time period.

8. It was further part of the scheme and artifice to defraud that **LABEE** signed the claim form on about December 10, 2010, and, as owner of IP Financial Services, certified that the information contained in the claim form was true and accurate to the best of his knowledge.

### D. THE MAILING:

On or about December 13, 2010, in the Eastern District of Louisiana, the defendant, **JOHN LABEE**, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and to obtain money, funds and property by means of false and fraudulent pretenses, representations and promises and attempting to do so, did knowingly cause to be delivered by Federal Express, a commercial interstate carrier, according to the directions thereon, an envelope containing a Gulf Coast Claims Facility Claim Form and supporting documents requesting a total of approximately $958,759.00 for losses **LABEE** allegedly sustained as a result of the Deepwater Horizon incident from the office of Attorney A, located in New Orleans, Louisiana, to the GCCF, located at 5151 Blazer Parkway, Suite A, Dublin, Ohio, 43017.

All in violation of Title 18 United States Code, Sections 1341 and 2.

## COUNT 13
(18 U.S.C. § 1623 - False Declarations Before Grand Jury)

A.  The allegations of Part A of Counts 1-9 are hereby realleged and incorporated herein in their entirety by reference.

B.  **AT ALL TIMES MATERIAL HEREIN:**

1.  On or about March 14, 2013, the defendant, **JOHN LABEE**, testified before a Grand Jury in the Eastern District of Louisiana.

2.  In the course of his testimony, **LABEE** was asked, while under oath, whether he had prepared any tax returns in tax year 2012, to which he responded that he had only prepared his own and no other tax return.

3.  **LABEE** further stated that he did not know Individual 1 and had not prepared a federal tax return for Individual 1 for tax year 2012.

4.  Beginning in about January 2013, and continuing until at least February 15, 2013, Individual 1 met with **LABEE** on multiple occasions for the purpose of **LABEE** preparing and filing a tax return for Individual 1. In addition to meeting in person, **LABEE** corresponded with Individual 1 via e-mail on numerous occasions concerning the preparation and filing of Individual 1's tax year 2012 federal tax return.

C.  **THE FALSE DECLARATIONS BEFORE THE GRAND JURY:**

On or about March 14, 2013, in the Eastern District of Louisiana, the defendant, **JOHN LABEE**, while under oath and testifying in a proceeding before a court and Grand Jury of the United States, knowingly did make false material declarations, to wit, **LABEE** gave the following material false testimony:

Q: You said that the only tax return you did for tax year 2012 is your own, correct?
A: Yes.

9

Q: Did you help prepare [Individual 1's] tax return?
A: I didn't prepare anybody else's tax return.

All in violation of Title 18, United States Code, Section 1623.

## NOTICE OF FORFEITURE

1. The allegations of Count 12 of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 1341 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461.

2. As a result of the offenses alleged in Count 12, defendant, **JOHN LABEE**, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 1341 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461, any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1341.

3. If any of the property subject to forfeiture pursuant to Paragraph 2 of this Notice of Forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 1341 and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461.

A TRUE BILL:

_____
FOREPERSON

_____
DANA J. BOENTE
United States Attorney

_____
FRED P. HARPER
First Assistant U.S. Attorney
Louisiana Bar Roll Number 06568

_____
DUANE A. EVANS
Chief, Criminal Division
Louisiana Bar Roll Number 24086

_____
JORDAN GINSBERG
Assistant United States Attorney
Illinois Bar Roll Number 6282956

New Orleans, Louisiana
July 18, 2013

11

FORM OBD-34

No. _____

# UNITED STATES DISTRICT COURT

Eastern _District of_ Louisiana

Criminal _Division_

## THE UNITED STATES OF AMERICA

vs.

### JOHN LABEE

## INDICTMENT

FOR AIDING AND ASSISTING IN THE PREPARATION OF FALSE DOCUMENTS UNDER THE INTERNAL REVENUE LAWS, MAKING FALSE STATEMENTS ON INCOME TAX RETURNS, ATTEMPTED MAIL FRAUD, FALSE DECLARATIONS BEFORE THE GRAND JURY AND NOTICE OF FORFEITURE

VIOLATIONS:  18 U.S.C. § 2
18 U.S.C. § 1341
18 U.S.C. § 1623
26 U.S.C. §7206(1)
26 U.S.C. §7206(2)

_A true bill._

_____
_Foreperson_

Filed in open court this _____ _day of_ _____ _A.D._ 2013.

_____
_Clerk_

Bail, $ _____

_____
Jordan Ginsberg
Assistant United States Attorney